UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUBOV ALLAYEVA,

                            Plaintiff,                              **ORDER**
     -against-                                          CV 24-6898 (NJC)(AYS)

NY PHYSICAL THERAPY & WELLNESS, LLC,
NYPT MANAGEMENT LLC, ROBERT BRENNAN,
in his individual and official capacity, and RONALD
BREDOW, in his individual and official capacity,

                            Defendants.
--------------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       This is an action commenced by Plaintiff, Lubov Allayeva ("Plaintiff"), against her former employers, NY Physical Therapy & Wellness ("NYPT"), and its subsidiary, NYPT Management LLC ("NYPT Management") (collectively, the "Corporate Defendants" or the "Company"). Plaintiff also named as defendants individual Defendants Robert Brennan ("Brennan") and Ronald Bredow ("Bredow") (collectively, the "Individual Defendants"). Brennan was the Corporate Defendants' Chief Compliance Officer; Bredow was the Chief Executive Officer. Each of the Individual Defendants are alleged to have had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, and to have been decision makers at the Company.

       Plaintiff was employed as Defendants' Practice Engagement Director. She alleges that she earned a base compensation as well as commission. Her Amended Complaint, the presently operative pleading, alleges gender discrimination and retaliation pursuant to Federal law under Title VII, as well as parallel claims under the New York State Human Rights Law and the New York City Administrative Code. In addition to seeking damages attributable to discrimination,

1

Plaintiff seeks damages for unpaid commissions. These claims arise under the New York Labor Law. (See generally Am. Compl., Docket Entry ("DE") [30].)

Plaintiff's Title VII claims are alleged against the Corporate Defendants. Her New York State Human Rights Law claims, as well as those alleged under the New York City Administrative Code, include the Individual Defendants. Also alleged against the Individual Defendants are claims of aiding and abetting arising under State and City laws. Claims for failure to timely pay commissions under the New York Labor Law are alleged against all Defendants. As a practical matter, and considering the Amended Complaint as a whole, Plaintiff alleges various claims of gender discrimination and unpaid commissions – in some legal form – against all Defendants. It is thus clear that Defendants are alleged to be liable for both discrimination and unpaid commissions. However, as to the discrimination claims, Plaintiff alleges factually specific acts to support her claims of a discriminatory hostile environment and retaliation against the Individual Defendants.

Shortly after filing the Amended Complaint, Plaintiff settled her claims against Defendant Brennan. In connection therewith, Plaintiff and Brennan entered into a confidential settlement agreement (the "Settlement Agreement"). The settled claims were dismissed, with prejudice, by Order of the District Court dated March 3, 2025. While there is presently pending a motion by Defendant Bredow to dismiss the commission-based claims, (DE [42]), discovery as to all claims is proceeding. Indeed, even if Bredow's motion to dismiss is granted, the discrimination claims will, absent the grant of any pretrial dispositive motion, proceed to trial.

Fact discovery is set to close on January 6, 2026. Expert discovery will close on March 9, 2026. While Bredow recently submitted a motion to stay discovery – based upon his representation that counsel for the Corporate Defendants will soon be seeking to withdraw from

2

representing their clients – that motion was denied without prejudice. (DE [52].) As noted by this Court, no such motion to withdraw has yet been interposed. (Order of Shields, M.J., dated Dec. 12, 2025.) As to other dates, a status conference is scheduled to be held before this Court on January 22, 2206. Other dates with respect to motion practice are set forth in the November 1, 2025 Order of the District Court.

Presently before the Court is Plaintiff's motion to quash a third-party subpoena served by Defendant Bredow on settling Defendant Brennan. (DE [49].) That subpoena seeks production of the Settlement Agreement. The motion to quash is opposed by Defendant Bredow, who served the subpoena.

DISCUSSION

I.   Legal Principles

The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. That rule allows for discovery of any non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Although Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement negotiations, this evidentiary rule does not apply to discovery. Therefore, it does not provide any basis to grant the motion to quash. See generally GEICO v. Cean, No. 19-CV-2363, 2020 WL 9812909, at *2 (E.D.N.Y. Nov. 12, 2020); Small v. Nobel Biocare USA, LLC, 808 F. Supp. 2d 584, 586-87 (S.D.N.Y. 2011). Moreover, this Court declines to apply any presumption against disclosure of a confidential settlement agreement. Accord GEICO, 2020 WL 9812909, at*1. Thus, the issue with respect to discovery of the Settlement Agreement is whether it contains information that is within the Rule 26 scope of discovery.

3

II.     The Parties' Positions

Defendant Bredow argues that the Settlement Agreement is within the scope of discovery because its provisions are "highly probative" of: (1) the calculation of damages, (2) whether certain claims have been released or satisfied, (3) the apportionment of liability between Brennan and any other Defendant, and (4) Bredow's entitlement to a setoff or credit. Plaintiff resists production of the Settlement Agreement on the grounds of confidentiality and lack of relevance.

III.    Disposition of the Motion to Quash

First, the Court reiterates that the Settlement Agreement is not privileged. Accordingly, the only question is whether it contains confidential information that is relevant to the claims and defenses herein. Plaintiff claims that Brennan and Bredow engaged in separate acts constituting a hostile environment and retaliation. The Amended Complaint sets forth Plaintiff's allegations in some detail. As noted therein, each of the Individual Defendants are charged with separate acts of discriminatory conduct. To the extent that Plaintiff has discharged Brennan from liability as to his acts, any such specific discharge has no relevance as to whether Bredow engaged in acts that a jury may ultimately find to create a hostile work environment. Plaintiff will be entitled to compensation from Bredow for his own acts if he is found liable. Any amount paid by Brennan for his acts therefore has no relevance to Plaintiff's damages against Bredow for his alleged discrimination. The Court therefore rejects the argument that the Settlement Agreement contains information that is relevant to Plaintiff's damages arising out of the separate discriminatory acts alleged in the Amended Complaint.

The Court reaches a different conclusion with respect to Plaintiff's claims of unpaid commissions. To the extent the Settlement Agreement states that Plaintiff has been compensated for commissions, any recovery is relevant as Plaintiff is not entitled to double recovery.

4

Therefore, if the Settlement Agreement allocates any part of Brennan's settlement with Plaintiff to unpaid commissions, that part of the Settlement Agreement shall be produced to Bredow. If the Settlement Agreement makes no such allocation or release of particular claims, it contains no relevant information and need not be produced. The Court is aware of the confidential nature of the Settlement Agreement. Accordingly, to the extent the Settlement Agreement is disclosed as set forth herein, the attorneys may agree that such production shall be for attorney's eyes only and for use only in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to quash the third-party subpoena issued by Defendant Bredow to settling Defendant Brennan is granted in part and denied in part.

**SO ORDERED.**

Dated: Central Islip, New York
December 15, 2025

                                              /s/ Anne Y. Shields
                                              Anne Y. Shields
                                              United States Magistrate Judge